UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Robert Gambrell, on behalf of himself and others similarly situated, | : : : | Case No. 1:20-cv-00801 |
| Plaintiff, | : : | Judge Michael R. Barrett |
| v. | : : | |
| Rumpke Transportation Company LLC, | : : : | |
| Defendant. | : : | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(B).  (Doc. 8).  Defendant has filed a Memorandum in Opposition (Doc. 22) and Plaintiff has filed a Reply (Doc. 23).

## I. BACKGROUND

In his First Amended Collective and Class Action Complaint, Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and Ohio Law based on the failure to pay overtime wages.  (Doc. 5).  The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff seeks to conditionally certify the class of:

> All current and former hourly, non-exempt welders of Defendant who were scheduled to work forty (40) or more hours in any workweek during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

(Doc. 8 at PageID 79).  Plaintiff alleges that under Defendant's company-wide policy, he and other welders were required to clock out of work for a meal break for 30 minutes each day, but "while clocked out of work, welders routinely and regularly were unable to take a full, uninterrupted 30-minute meal break due to having to engage in job duties," such as repairing containers which were regularly arriving at the facility during meal breaks.  (Doc. 8-2, Robert Gambrell Decl., ¶¶ 8-11, PageID 87-88).   Because of these interruptions, Plaintiff alleges that welders "were routinely unable to take a full, 30-minute uninterrupted meal break," but the welders "were not paid for this time worked."  (Id., ¶ 12, PageID 88).  Plaintiff also alleges that if a welder did not clock out for a meal break because he or she was working, Defendant still manually modified the welder's time to take out a 30-minute meal break.  (Id., ¶ 13, PageID 88).

## II. ANALYSIS

The FLSA provides a private cause of action against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Neither the FLSA nor the Sixth Circuit has defined "similarly situated." *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016).  Courts typically determine whether plaintiffs are similarly situated in two stages: the first, the "initial notice stage" or "conditional certification stage" takes place at the beginning of discovery and the second, following discovery, is the stage in which courts will examine more closely the question of whether particular members of a class are, in fact, "similarly situated." *See e.g., Comer v. Wal-*

2

*Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006).[1] Since the court has little evidence in the first phase, the determination is made using a fairly lenient standard typically resulting in "conditional certification of a representative class." *See id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). During the second phase, following discovery, "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." *Morisky*, 111 F.Supp. at 497. At the second stage, the defendant may file a motion to decertify the class "if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).

Defendant maintains that Plaintiff has not carried his burden of showing that he is "similarly situated" to the other members of the proposed collective. Defendant first argues that Plaintiff concedes that the members of the collective are not similarly situated because he attempts to certify a collective based on multiple theories of an alleged violation. Defendant maintains that if some collective members are subjected to certain alleged violations but others are not, this shows that the collective members are not similarly situated. Next, Defendant argues that there is no company-wide policy with respect to meal breaks. Defendant explains that there are nine locations that employ welders; and at some of these locations, welders are paid for their lunch break. Defendant points out that these welders could not be a part of the collective class. Third, Defendant

---

[1] In its Memorandum in Opposition, Defendant cites several times to the Fifth Circuit's decision in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021). In *Swales*, the Fifth Circuit rejected the two-step conditional certification framework. While this Court has expressly declined to abandon the two-step process in FLSA cases, given the ruling in *Swales*, this Court has recently certified an order granting conditional certification under the two-step process for immediate interlocutory appeal under 28 U.S.C. § 1292(b). *Holder v. A&L Home Care & Training Ctr., LLC*, No. 1:20-cv-757, 2021 WL 3400654, at *10 (S.D. Ohio Aug. 4, 2021).

argues that the working hours, conditions, and policies at the nine locations are vastly different from one another so that welders at one location are not similarly situated to the welders at another location.

The Court notes that proceeding on multiple theories of an alleged violation does not necessarily bar conditional certification. "[P]laintiffs are similarly situated when they suffer from a single FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Gunn v. NPC Int'l, Inc.*, 625 Fed. App'x 261, 267 (6th Cir. 2015). Showing a "unified policy" of violations is not required. *O'Brien*, 575 F.3d at 585. Here, Plaintiff alleges that Defendant has violated the FLSA by failing to pay welders for work performed during their 30-minute meal break. Plaintiff relies on two different methods of proving the violation: (1) welders are forced to clock out but then continue to work during the 30-minute meal break; and (2) welders do not clock out during the 30-minute meal break, but the welder's supervisor later manually deducts 30 minutes from that welder's daily work hours. However, while the proof may be different, the theory supporting the FLSA violation is the same. Therefore, the Court finds that the claims by Plaintiff and the putative class members are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585.

Defendant argues that not all welders at its nine different locations are treated the same with respect to their lunch breaks. However, at the conditional certification stage, "[t]he plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

4

Defendant has submitted the declarations of its supervisors as evidence that at certain locations, lunch is not interrupted with urgent work which needs to be done. However, at this initial notice stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). Instead, in determining conditional certification, courts have considered "factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)). Here, the Court notes that Plaintiff has submitted his own declaration (Doc. 8-2), along with the declarations of three opt-in plaintiffs (Docs. 13-1, 16-1, 18-1). In his declaration, Plaintiff states:

> My experience was not unique to me. I spoke with other welders, observed them, and worked alongside them, so I witnessed hourly welders who were unable to take a 30-minute uninterrupted meal break in order to engage in job duties. The requirement that a meal break be taken from welders' daily time was a company policy. Moreover, Rumpke trained welders to prioritize work over taking a meal break.

(Doc. 8-2, Gambrell Decl., ¶ 15, PageID 88). In her declaration, opt-in plaintiff Amanda Coyle states that her meal breaks at the Norwood facility were regularly interrupted with job duties. (Doc. 13-1, Amanda Coyle Decl., ¶ 9, PageID 122). Phillip Selvidge, another opt-in plaintiff, states that during the four years he worked for Defendant, he worked at multiple facilities. (Doc. 18-1, Phillip Selvidege Decl., ¶ 3, PageID 163). Selvidge states that he and other welders routinely were unable to take full, uninterrupted 30-minute meal

5

breaks due to having to engage in job duties. (Id., ¶ 6, PageID 163). Selvidge also states that:

> I spoke with other welders, observed them, and worked alongside them, so I witnessed hourly welders who were unable to take a 30-minute uninterrupted meal break in order to engage in job duties. I also heard other welders complain that they were not clocked out for a meal break, but that Rumpke still deducted 30 minutes from their time worked.

(Id. ¶ 11, PageID 164). The Court concludes that at this stage of the proceedings, Plaintiff's submissions suggest that Defendant had a common policy and operation at all of its locations. *Accord Adams v. Wenco Ashland, Inc.*, No. 1:19-cv-1544, 2020 WL 2615514, at *4 (N.D. Ohio May 22, 2020) ("[a] court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff.") (quoting *Pop v. Permco, Inc.*, No. 5:19-CV-00659, 2019 WL 4154480, at *4-5 (N.D. Ohio Sept. 3, 2019)). Therefore, the Court finds that Plaintiff is similarly situated to the other members of the proposed collective for purposes of conditional certification.

Defendant argues that even if conditional certification is proper, Plaintiff's request for a 90-day notice period should be reduced to 45 days. Plaintiff responds that he is willing to limit the notice period to 60 days, but that a 45-day period with the current state of the U.S. mail system will not provide enough time for welders to receive the Notice and Consent forms, read through the Notice, sign the Consent form, and return the signed form to Named Plaintiff's counsel's office so that it can be filed with the Court. This Court has approved a 45-day period where the plaintiffs did not expect significant difficulties in locating potential class members. *See Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F.

6

Supp. 3d 888, 900 (S.D. Ohio 2018). However, the Court acknowledges that during the COVID pandemic, the increased volume of mail has caused slower mail service. *See Ohio lawmakers want answers about continued mail delays from the U.S. Postal Service*, (Jul. 13, 2021, 7:50 a.m.), https://www.cleveland.com/news/2021/07/ohio-lawmakers-want-answers-about-continued-mail-delays-from-the-us-postal-service.html. Therefore, in this instance, the Court finds that a 60-day notice period is appropriate.

Defendant also argues that this Court should deny Plaintiff's request for personal email addresses of the putative collective members. However, "[C]ourts within the Sixth Circuit have routinely approved dual notification through regular mail and email." *Loomis v. Unum Grp. Corp.*, No. 1:20-CV-251, 2021 WL 1928545, at *9 (E.D. Tenn. May 13, 2021) (citing cases); *see also Hall v. U.S. Cargo & Courier Serv.*, LLC, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) ("The trend in this Court . . . is to allow notice by mail and email to ensure that putative class members receive notice of the pending action.")

Finally, Defendant objects to the introductory language in the notice proposed by Plaintiff because it includes additional commentary which goes beyond the definition of the collective. Defendant explains that the first paragraph of the notice should read: "If you work or worked as an hourly, non-exempt welder at Rumpke Transportation Company, LLC and were scheduled to work forty (40) or more hours in any workweek, during the last three years to the present, then you may be eligible to join this collective action lawsuit under the federal Fair Labor Standards Act ("FLSA")." Plaintiff has no objection and is amenable to using the language provided by Defendant. Therefore, with the foregoing modification, the Court approves the Notice and Consent to Join forms, attached as Exhibit 1 to Plaintiff's Motion. (Doc. 8-1).

### III. CONCLUSION

Based on the foregoing, Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant To 29 U.S.C. § 216(B) (Doc. 8) is **GRANTED** and it is hereby **ORDERED** that:

1. The Court conditionally certifies this case as an FLSA collective action under § 216(b) against Defendant Rumpke Transportation Company, LLC ("Defendant"), on behalf of Named Plaintiff and others similarly situated;

2. The Court-approved Notice of FLSA claims is to be sent by regular mail and email to: All current and former hourly, non-exempt welders of Defendant who were scheduled to work forty (40) or more hours in any workweek during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case ("Potential Opt-In Plaintiffs" or "Putative Class Members").

3. The proposed Notice and Consent to Join forms, attached as Exhibit 1 to Plaintiff's Motion, are approved with the modification stated herein;

4. Defendant is to provide, within **fourteen (14) days** of entry of this Order, a roster of all persons who fit the definition above (the "Potential Opt-In Plaintiffs") which includes their full names, dates of employment, job titles, locations worked, last known home addresses, and personal email addresses; and

5. The Court-approved Notice and Consent to Join forms are to be sent to such present and former employees within **fourteen (14) days** of receipt of the roster using the Potential Opt-In Plaintiffs' mailing and email addresses.

**IT IS SO ORDERED.**

                 */s/ Michael R. Barrett*
                 Michael R. Barrett, Judge
                 United States District Court